132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Philip A. SCARPETTA and Duane Introwitz, Plaintiffs-Appellants,
v.
INGERSOLL MILLING MACHINE CO., Defendant-Appellee.
 No. 97-2472, 97-2473.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 12, 1997.
Decided Dec. 10, 1997.
 
 Before ESCHBACH, COFFEY, and KANNE, Circuit Judges.
 Appeal from the United States District Court for the Northern District of Illinois, Western Divison, No. 95 C 50199, No 95 C 50200; Philip G. Reinhard, Judge.
 
 ORDER
 
 1
 Philip A. Scarpetra and Duane F Introwitz separately sued Ingersoll Milling Machine Company alleging that they were terminated from the company because of their age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). Ingersoll moved for summary judgment in both cases, which the district court granted after consolidating both actions into a single suit. Scarpetta and Introwitz appeal this determination on grounds that genuine issues of material fact remain in dispute.
 
 
 2
 Until August of 1993, Scarpetta and Introwitz ("Plaintiffs") both worked for Ingersoll, a company that manufactures and supplies specialized machine and cutting tools. Both men had worked for Ingersoll for many years, and both had worked their way up to positions within the Electrical Controls Department. In 1992, Ingersoll's business declined, forcing it to undergo a reduction in its workforce that resulted in the elimination of Plaintiffs' jobs. Instead of being fired, however, Plaintiffs were offered temporary employment within the Documentation Department as document detailers. When this department was also eliminated in August of 1993, Plaintiffs once again found themselves without jobs. While two highly experienced employees from the department were retained as document detailers and six others found different jobs with the company, Plaintiffs did not find alternative positions and were released. Plaintiffs then sued Ingersoll under the ADEA, claiming that they lost their jobs because of their age. Scarpetta, who was born in 1948, and Introwitz, who was born in 1937, maintained that they were unfairly terminated from the Electrical Controls Department, transitioned to the dead-end document detailer job, and then eased out of the company. Ingersoll filed motions for summary judgment in which it denied that age had any bearing on the decision to reassign, and then terminate, Plaintiffs. Ingersoll claimed that every employee was evaluated based on the same criteria, that these evaluations were used to determine which employees should be retained, laid-off or reassigned, and that skilled employees like Plaintiffs were offered jobs in other departments instead of being released. Ingersoll further maintained that it encouraged Plaintiffs to bid on other jobs after the Documentation Department was eliminated but that they failed to avail themselves of this opportunity and thus were terminated from the company. The district court agreed that Plaintiffs' claims of discrimination were unsupported by the record and granted summary judgment in favor of Ingersoll. Plaintiffs appeal this determination on grounds that genuine issues of material fact remain in dispute demonstrating that Ingersoll's reason for firing them is unworthy of credence. This court reviews summary judgment orders de novo, viewing the record and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. Testerman v. EDS Technical Products Corp., 98 F.3d 297, 301 (7th Cir.1996). To state a claim of age discrimination under the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973), a plaintiff must first establish the existence of a prima facie case of age discrimination. Hartley v. Wisconsin Bell, Inc., 124 F.3d 887, 890 (7th Cir.1997). If this occurs, the burden shifts to the defendant to show legitimate, non-discriminatory reasons for the actions it took against the plaintiff. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-07 (1993). If the defendant makes this showing, the burden shifts back to the plaintiff to show that the defendant's actions were not legitimate or were pretextual. Rabinovitz v. Pena, 89 F.3d 482, 487 (7th Cir.1996). Plaintiffs first argue that a genuine issue of material fact exists regarding the manner in which the workforce was reduced. Plaintiffs contend that age, not business conditions, prompted the decision to eliminate their jobs, and they make four arguments in support of this contention: (1) they were the only ones removed from the Electrical Controls Department while younger employees remained; (2) they never received any indication that their work was substandard; (3) a number of individuals under the age of 40 were integrated into the Electrical Controls Department and the Documentation Department after Plaintiffs were removed; and (4) almost all other workers within the Documentation Department were reassigned except for Plaintiffs. None of these contentions indicate, however, that Ingersoll's stated reason for terminating Plaintiffs was pretextual.
 
 
 3
 First, while Plaintiffs point to a number of persons allegedly under the age of 40, all of whom allegedly remained with the Electrical Controls Department, Plaintiffs never mentioned these people in their oppositions to Ingersoll's motions for summary judgment. The record reveals only one document referencing these people--Introwitz's deposition--wherein he simply guessed the ages of his co-workers and offered no evidence regarding Ingersoll's treatment of these allegedly similarly situated, younger employees. Without such evidence, Plaintiffs cannot prevail on this argument. See Maier v. Lucent Technologies, Inc., 120 F.3d 730, 735 (7th Cir.1997) (without evidence of whether defendant's treatment of similarly situated, younger employees was better, worse, or equal, plaintiff cannot prevail on ADEA claim).
 
 
 4
 Second, while Plaintiffs argue that they never received any indication that their performance was less than adequate, this argument does not show that Ingersoll's reason for eliminating their jobs was fabricated. See Testerman, 98 F.3d at 303-04 ("In an RIF [reduction in workforce], it is foreordained that some employees will lose their jobs...."). Plaintiffs do not cast doubt on Ingersoll's reason for eliminating their positions merely by stating that their job performance was adequate: this argument "bear[s] more on the issue of mistake on [Ingersoll's] pan than on the issue of whether [Ingersoll] honestly believed in the reasons it has offered for its actions," McCoy v. WGN Continental Broadcasting Co, 957 F.2d 368, 373 (7th Cir.1992).
 
 
 5
 Third, the younger employees who allegedly replaced Plaintiffs were not in fact replacements at all. Some of the alleged replacements were degreed engineers with credentials beyond those of Plaintiffs. Another, Richard Jenkins, was employed as an electrical detailer in the Production Machinery Department, not the Electrical Controls Department or the Documentation Department. Finally, one woman was hired to perform clerical work a year after Plaintiffs left the company. A hire for a different position that takes place after a year is not a replacement, Fourth, the fact that almost all other document detailers found alternative employment within the company does not indicate that Plaintiffs were released from the Documentation Department because of their age. This department was eliminated for the same reason the Electrical Controls Department was down-sized: a decline in business. Of the nine employees who faced potential termination due to the elimination of this department, six bid on other jobs within the company and were reassigned, including two employees aged fifty or above. The seventh employee was terminated based on justifiable work-related problems. As discussed below, the evidence indicates that Plaintiffs were released not because of their age, but because they did not bid for, or were not qualified for, other positions within the company.
 
 
 6
 Next, Plaintiffs contend that an issue of material fact exists concerning Ingersoll's assertion that they could have continued their employment by bidding on posted jobs within the company. Plaintiffs argue that they bid on jobs but were unsuccessful because they were not qualified for any of the positions available within the company. Ingersoll argues that Plaintiffs never attempted, or never substantially attempted, to find other work within the company. Even when viewing the evidence in a light most favorable to Plaintiff, Weeks v. Samsung Heavy Industries Co., Ltd., 1997 WL 602654, * 5 (7th Cir., Sept 26, 1997), questions concerning the availability of other jobs within the company fail to raise a genuine issue of material fact. "A genuine issue of material fact is not demonstrated by the existence of 'some alleged factual dispute between the parties,' or by 'some metaphysical doubt as to the material facts.' " Id. (citations omitted). Rather, a genuine issue of material fact exists only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. Here, Plaintiffs acknowledge that they were not qualified for any of the jobs available within the company after the elimination of their documentation positions. Accordingly, even if there were a factual dispute regarding the extent to which Plaintiffs bid on other jobs following the demise of the Documentation Department, it fails to rise to the level of a material fact.
 
 
 7
 Plaintiffs also argue that a material issue of fact regarding pretext exists because there is conflicting evidence as to which personnel were involved in the decision to eliminate their positions. Once again, this issue does not rise to the level of a material fact.
 
 
 8
 Plaintiffs next allege that a genuine issue of material fact regarding pretext exists because Plaintiffs' supervisor, Todd Trieloff, told Plaintiffs that the reason for their discharge was "none of [their] business." While such a statement might demonstrate poor communications skills, it does not demonstrate discriminatory intent. Moreover, there is evidence indicating that Plaintiffs knew the reasons for their termination, including interoffice memoranda stating that Plaintiffs were notified in December of 1992 that they faced termination due to a reduction in workforce. As such, Todd Trieloff's poorly worded comment can be viewed simply as a "stray workplace remark[ ] that [was] not clearly linked to the decision to terminate [Plaintiffs'] employment." Bahl, 115 F.3d at 1293 (citations omitted).
 
 
 9
 Finally, Plaintiffs argue that the district court failed to apply the proper standard applicable to motions for summary judgment because they raised an inference of improper motive and yet the judge required them "to prove their issues on the merits." In addition to being redundant, this argument lacks merit. Plaintiffs failed to demonstrate the existence of a single genuine issue of material fact suggesting that Ingersoll's stated reason for terminating Plaintiffs' positions was unworthy of credence. It is not for this court to decide whether the reason is wise, fair, or even correct. Giannopoulas v. Brach & Broch Confections, Inc., 109 F.3d 406, 411 (7th Cir.1997). As a result, summary judgment in favor of Ingersoll was proper and should be affirmed.
 
 
 10
 For the reasons stated above, the judgment of the district court is AFFIRMED.